# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Ivan Hernandez-Teco,<br><br>Petitioner,<br><br>v.<br><br>Eric Rokosky, et al.,<br><br>Respondents. | No. CV-26-03310-PHX-DWL (MTM)<br><br>**ORDER** |

In this habeas corpus action under 28 U.S.C. § 2241, Petitioner challenges his immigration proceedings and his detention without a bond hearing. The Court directed Respondents to file a response to the petition. (Doc. 6.)

In their response, Respondents acknowledge Petitioner is a class member in *Bautista v. Santacruz*, 820 F.Supp. 3d 1016 (C.D. Cal. 2026). (Doc. 12 at 7.) Respondents further acknowledge that while they oppose the request for a bond hearing, "[t]o the extent the Petition seeks an order requiring Respondents to either immediately release Petitioner or hold a bond hearing, Respondents . . . request that any order granting Petitioner relief direct the Respondents to provide a bond redetermination hearing within fourteen (14) days." (*Id.*) The Court has also reviewed the Petition and concludes Petitioner is entitled to relief regardless of *Bautista*. The Court grants relief based on its independent view that Petitioner's detention is governed by § 1226 and not § 1225 for the reasons set forth in *Echevarria v. Bondi*, 2025 WL 2821282 (D. Ariz. 2025). *See also Lopez-Campos, et al. v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr.*

*Miami*, 175 F.4th 1258 (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, 175 F.4th 828 (7th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). The Court will order the bond hearing be provided within seven days, consistent with its Orders in other matters.[1]

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to the request for a bond redetermination hearing. The Petition is otherwise **denied**.

2. Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed before detention.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner or providing a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 24th day of June, 2026.

_____
Dominic W. Lanza
United States District Judge

---

[1] Petitioner's remaining claims in Grounds Two through Four must be dismissed because they challenge the substance of his removal proceedings and the Court lacks jurisdiction to review claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).